Dear Mr. Moore:
In your letter of April 15, 1992, which was received today, you requested an opinion of this office relative to whether you may qualify as a candidate and hold office in District 3 of the Metropolitan Council, that District being recently created according to the reapportionment plan for East Baton Rouge Parish.
From the official maps which you provided to this office it is apparent that you currently reside in District 12, Ward 1, Precinct 76. You plan to change your residence from that location so that you will reside in new District 3, Ward 1, Precinct 96. New District 3 was created from portions of former Districts 9, 10 and 12.
In the case of Nicholson v. Grisaffe (Sup.Ct. 1983) 438 So.2d 550
a challenge was made to the qualifications of a candidate for the Iberia Parish Council, District 8. The Iberia Parish Home Rule Charter, Art. II, Section 2-01 required that the council members ". . . shall have been legally domiciled and shall have actually resided for at least one (1) year immediately preceding the time established by law for qualifying for office in an area which, at the time of qualification, is within the district from which elected." Furthermore, if a councilman did not continue to maintain the domicile and residence qualifications after assuming office, a vacancy would occur.
In the Nicholson case the candidate's residence in 1981 was within Police Jury District 9. In 1982 Iberia Parish adopted a home rule charter and reapportioned the districts adopting a new boundary line that separated District 8 from District 9. The candidate's voter registration was in District 8 subsequent to the reapportionment; however, the residence was 600 feet outside the
Physical boundaries of District 8.
The Louisiana Supreme Court held that in an instance where reapportionment of the election districts of a parish governing body has occurred and a candidate did not meet the prior-residency/domicile requirements contained in the Parish home rule charter, those local charter requirements will not disqualify a candidate from seeking public office. The court by analogy applied the Provisions of Article III, Section 4(B) of the Louisiana Constitution which allow a candidate to qualify to run for office in any district created in whole or in part from the district in which the candidate was domiciled at the time of reapportionment.
Although Section 2.03 of the Home Rule Charter of East Baton Rouge only requires a member of the Metropolitan Council to be a qualified voter and resident of the district from which elected with no apparent prior residency requirement, the case would allow an individual to be eligible as a candidate for a district office even though the person was not a registered voter and resident of that district.
In conclusion, because new District 3 was created by reapportionment from part of old District 12, (your current Place of residence), the holding in the Nicholson case will permit you to legally qualify as a candidate for District 3 even though you may not be a qualified voter and resident of District 3 at the time you file qualifying papers as a candidate; however, if elected you must become a qualified voter and resident of District 3 Prior to assuming office, otherwise a vacancy will occur due to the lack of your possessing the requisite qualifications.
Very truly Yours,
 RICHARD P. IEYOUB Attorney General
 BY: KENNETH C. DEJEAN Assistant Attorney General
KCD:ams
 cc: Mr. Lynn Williams Parish Attorney